# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KATHERINE RINDERLE**; et al., *Plaintiffs*, v. **COBB COUNTY SCHOOL DISTRICT**; et al., *Defendants*. | CIVIL ACTION NO.: 1:24-cv-00656-JPB |

## MOTION OF PENGUIN RANDOM HOUSE, AMERICAN BOOKSELLERS FOR FREE EXPRESSION, NATIONAL COUNCIL OF TEACHERS OF ENGLISH, AND FREEDOM TO LEARN ADVOCATES TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Penguin Random House, American Booksellers for Free Expression, National Council of Teachers of English, and Freedom to Learn advocates hereby seek leave to file a brief, contemporaneously filed with this motion, as amici curiae in support of Plaintiffs' opposition to Defendants' motion to dismiss. Counsel for the proposed amici have conferred with the parties' counsel. Plaintiffs consent. Defendants do not.

**A.** Movants are four organizations that, among other things, are dedicated to book access for the sustenance of the free marketplace of ideas. Movants seek to file the amicus brief to support to the First Amendment. Students and authors have the right to exercise their First Amendment rights without the partisan interference of government actors. Professional educators have the right to educate the communities

they have been hired to educate under clear, constitutional guidelines, free untrained interference from partisan government actors. The vindication of these rights is necessary to maintain a healthy public education system and a strong democracy.

Amicus curiae Penguin Random House is one of the world's leading publishers, comprising of more than 300 editorially and creatively independent publishing imprints globally. Its mission is to ignite a universal passion for reading by creating books for everyone and a world where independent thinking, free expression, and creativity flourish. Penguin Random House also serves as a distributor for many independent publishers, providing new technologies, a leading supply chain, and the benefits and reach of its global sales force. Penguin Random House has initiated First Amendment lawsuits and frequently appeared in amicus briefs for First Amendment plaintiffs who defend the marketplace of ideas.

Amicus curiae American Booksellers for Free Expression ("ABFE") is the free expression initiative of the American Booksellers Association ("ABA"). ABA was founded in 1900 and is a national not-for-profit trade organization that works to help independently owned bookstores grow and succeed. ABA represents over 2,000 bookstore companies operating in over 2,500 locations. ABA's members are key participants in their communities' local economy and culture. ABFE was founded in 1990 to be the bookseller's voice in the fight against censorship.

ABFE's mission is to promote and protect free expression, particularly expression within books and in literary culture, through legal advocacy, education, and collaboration with other groups with an interest in free speech.

Amicus curiae National Council of Teachers of English ("NCTE") is a nonprofit professional educational organization devoted to improving the teaching and learning of English and the language arts at all levels of education. Founded in 1911, NCTE directly supports over 20,000 teachers spanning PreK through graduate education as well as 500,000 literacy advocates, ambassadors, and partners. The organization's longstanding experience confirms successful literacy experiences depend upon not only student access to books but also on students' connection to high interest books. As part of literacy educators' professional preparation, teachers are equipped to discerningly select texts to address educational goals and meet students' needs. NCTE programs are led by experienced literacy teachers and scholars whose primary goals are to expand educator knowledge of books, guide thoughtful book selection, and protect students' freedom to read and write.

Amicus curiae Freedom to Learn Advocates ("FTLA") was founded to promote universal access to books and educational resources for all communities regardless of race, economic status, religion, sexual orientation, gender identity, or

political affiliation. Our mission is to resist initiatives that aim to limit access to books and information, often in the form of book banning policies, which in recent years have been on a troubling rise across our country. FTLA works to support organizations and public policy that share our ideals, strive for equitable education, and believe that individuals and families should be trusted to decide for themselves what to read and learn.

**B.** Although neither the Federal Rules of Civil Procedure nor this Court's local rules specifically address amicus curiae briefs, "[it] is well-settled that a district court has broad discretion to grant the request of a non-party to file an amicus brief." *Chavez v. Credit Nation Auto Sales, Inc.*, No. 1:13-CV-00312-WSD-JCF, 2014 WL 12780146, at *2 (N.D. Ga. June 5, 2014) (quoting *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106-FtM-SPC, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010)). In exercising that discretion, courts "consider 'whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties briefs.'" *Id.* (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). "Courts typically grant amicus status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288–89 (N.D. Ga. 2015) (quoting *Conservancy of*

*Sw. Fla*, 2010 WL 3603276, at *1)). An amicus brief can be useful to the Court by, among other things, "[o]ffering a different analytical approach to the legal issues before the court; [h]ighlighting factual, historical, or legal nuance glossed over by the parties; [e]xplaining the broader regulatory or commercial context in which a question comes to the court; [or] providing practical perspectives on the consequences of potential outcomes." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761 (7th Cir. 2020) (Scudder, J., in chambers).

Movants believe that, as in those cases, the proposed amicus brief will be "timely and useful" to the Court. The brief's substance will aid this Court in its consideration of the pending motion. Defendants ask this Court to set aside well-settled notions of due process and ratify their post-hoc interpretation and enforcement of vague censorship policies which materially affect the day-to-day lives of students and teachers alike. The proposed brief provides relevant context for why Plaintiffs' expressed concerns about the vagueness of the Defendants' policies were well-justified, especially in light of defendants' public statements that parents and children are being left out of the curriculum decision-making process in favor of social media influencers. As advocates for the First Amendment and the free marketplace of ideas, Penguin Random House, ABFE, NCTE, and FTLA are able to

5

provide the Court with a perspective different from that of both plaintiffs and defendants.

## CONCLUSION

For the foregoing reasons, Penguin Random House, ABFE, NCTE, and FTLA's motion for leave to file a brief as amici curiae should be granted.

Dated: September 20, 2024            Respectfully submitted,

/s/ *Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002
MITCHELL SHAPIRO
 GREENAMYRE & FUNT, LLP
881 Piedmont Avenue
Atlanta, Georgia 30309
(404) 812-4747
zack@mitchellshapiro.com

*Counsel for Amici Curiae*


/s/ *Ojasvinee Singh*
Ojasvinee Singh
New York Attorney ID: 6131981
(*pro hac vice* application forthcoming)
PENGUIN RANDOM HOUSE LLC
1745 Broadway
New York, NY 10012
(212) 572-2351
osingh@penguinrandomhouse.com

*Counsel for Penguin Random House*

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing using the CM/ECF system, which will send notification of filing to all counsel of record.

This 20th day of September, 2024.

*/s/ Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002
