UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHERINE RINDERLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COBB COUNTY SCHOOL DISTRICT, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-00656-JPB |

**PLAINTIFFS' OBJECTION TO EXTRANEOUS EVIDENCE**

Plaintiffs respectfully submit this Objection to Extraneous Evidence and seek a ruling from this Court on the Motion to Dismiss that sets aside the factual allegations and evidentiary footnotes set forth in Defendants' Memorandum of Law in Support of Defendants' Joint Motion to Dismiss [Doc. 41-1] and Reply in Support of Defendants' Joint Motion to Dismiss [Doc. 52]. In support of the instant objection,[1] Plaintiffs show:

Defendants make four factual allegations in support of their motion: (1) that gender is non-binary is a "controversial, sensitive topic on which many people

---

[1] In the alternative, Plaintiffs request this objection be treated as a Rule 12(f) *Motion to Strike* to the evidence that has been offered. *But see South River Watershed Alliance, Inc. v. DeKalb Cnty, Ga.*, 484 F.Supp.3d 1353, 1361-62 (N.D. Ga. Aug. 31, 2020) (explaining why a motion to strike evidence attached to a motion to dismiss is procedurally improper but generally forgiven).

1

disagree" [Doc. 41-1, at 12]; (2) "[m]ost Americans disagree" that gender is nonbinary [Doc. 52, at 2]; (3) their disagreement falls along "political" lines [*Id.*]; and (4) their disagreement falls along "religious" lines [*Id.*]. Defendants attached links to two online reports published by the Pew Research Center to support these allegations. [Docs. 41-1, at 12 n.1, and 52, at 2 n.1-2].

When a court evaluates a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016). Accordingly, "the Court's review is limited to the four corners of the complaint and any attached exhibits, and it accepts as true the contents thereof." *Kasbekar v. Ivy Station Community Ass'n*, *Inc.*, No. 18-cv-05928-JBP, 2020 WL 5792634, at *10 (N.D. Ga. Jan. 13, 2020). A defendant may not attach evidence to a motion to dismiss unless (1) the evidence is incorporated by reference or (2) the Court takes judicial notice of the facts alleged. *Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1276 (11th Cir. 2023). Neither exception applies.

"Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharmaceuticals, Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018). Plaintiffs do not refer to the Pew Research Center's reports in their First Amended

2

Complaint [Doc. 26], and do not rely on them as evidence. Nor are the "documents" the type whose authenticity is sufficiently indisputable for purposes of the doctrine of incorporation by reference such as public records, sworn testimony or admissions by a party.

Courts exercise caution in taking judicial notice of facts because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). Facts that are "not subject to reasonable dispute" and "capable of accurate and ready determination [,]" such as scientific, historical, and geographical, may be appropriate for judicial notice. *Id*. Assertions about public opinion are not capable of such precise adjudication, especially here where the opinion "evidence" is supported by two cherry-picked online polls that lack indicia that they were conducted according to scientific principles or are capable of supporting valid empirical inferences.

Further, Defendants did not request this Court to take judicial notice of their allegations. Moreover, the meaning or vagueness of the challenged Policies, in this case, must be determined based upon both their text and their interpretation by CCSD employees and administration as will be developed in discovery.[2]

---

[2] Defendants usurp the factfinder by insisting on own their interpretation of the book's message and its application to the challenged Policies. By doing so,

3

Defendants' views on what is prohibited by the challenged Policies are not germane to the Court's analysis when it is not properly in the record. *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1037-58 (1991) (finding that nothing in the record supported conclusions that the alleged conduct was clearly known to violate a vague rule); *Wollschlaeger v. Governor, Fla.*, 848 F.3d 1293, 1321-22 (11th Cir. 2017) ("we cannot find clarity in a wholly ambiguous statute simply by relying on the benevolence or good faith of those enforcing it"). When a motion to dismiss analysis requires taking Plaintiffs' factual allegations as true, the Court must disregard Defendants' assertions concerning what topics may be "controversial," "divisive," and "sensitive." Accordingly, Defendants' allegations and evidentiary footnotes concerning Americans' views on gender must be left for the factfinder at a later stage in this litigation.

---

Defendants ignore Plaintiffs' facial challenge and disregard their own contradictory testimony from Rinderle's administrative hearing that "controversial" and "divisive" sweeps in any content that two people might disagree over. [Doc. 42-1, at 111:23-112:18; 203:3-23; 209:3-10; 254:22 to 255:6; 298:12-20; 299:21-300:5; 332:14-20; 335:22-25]. Plaintiffs' August 10,2023 Tribunal Hearing transcript is incorporated by reference in their First Amended Complaint. [Doc. 26, at ¶¶ 57, 105-07, 120-21, 180].

Respectfully submitted this 7th day of October 2024.

/s/ Craig Goodmark
Craig Goodmark
Georgia Bar No. 301428
GOODMARK LAW FIRM
1425A Dutch Valley Place
Atlanta, Georgia 30324
(404) 719-4848
cgoodmark@gmail.com

/s/ Gerald Weber
Gerald Weber
Georgia Bar No. 744878
LAW OFFICES OF GERRY WEBER, LLC
Post Office Box 5391
Atlanta, Georgia 31107
(404) 522-0507
wgerryweber@gmail.com

/s/ Danielle E. Davis
Alice O'Brien
Danielle E. Davis
Nicole B. Carroll
NATIONAL EDUCATION ASSOCIATION
1201 16th Street, N.W.
Washington, DC 20036-3290
(202) 822-7035
AObrien@nea.org
DDavis@nea.org
NCarroll@nea.org

Attorneys for Educator Plaintiffs
* *Admitted pro hac vice*

/s/ Michael J. Tafelski.
Michael J. Tafelski
Georgia Bar No. 507007
Elizabeth "Beth" Littrell
Georgia Bar No. 454949
Brock Boone*
Pichaya Poy Winichakul
GA Bar No. 246858
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave.,
Ste. 340
Atlanta, Georgia 30030
(334) 315-0179
michael.tafelski@splcenter.org
beth.littrell@splcenter.org
brock.boone@splcenter.org
poy.winichakul@splcenter.org

/s/ Harry Chiu
Harry Chiu
4455 Union Street
Burnaby BC, Canada V5C 2X7
hchiu@jd22.law.harvard.edu

Attorneys for All Plaintiffs
* *Admitted pro hac vice*

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHERINE RINDERLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COBB COUNTY SCHOOL DISTRICT, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-00656-JPB |

## PROPOSED ORDER

This matter is before the Court on Plaintiffs' Objection to Extraneous Evidence. The Court finds as follows:

The factual allegations in Plaintiffs' First Amended Complaint [Doc. 26] should be taken as true and construed in the light most favorable to them. In support of their Motion to Dismiss, Defendants made allegations concerning public opinion and cited extraneous evidence in footnotes. [Docs. 41-1, at 12, and 52, at 2].

For the foregoing reasons, Plaintiffs' Objection to Extraneous Evidence is **SUSTAINED**.

**SO ORDERED** this _____ day of _____, 2024.

_____
J.P. Boulee
United States District Judge

6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KATHERINE RINDERLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COBB COUNTY SCHOOL DISTRICT, et al., <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1:24-cv-00656-JPB |

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1, I hereby certify that Plaintiffs' Objection to Extraneous Evidence has been prepared in 14-point Times New Roman font and is compliant with the formatting requirements of LR 5.1.

Respectfully submitted this 7th day of October 2024.

 /s/ Michael J. Tafelski
Michael J. Tafelski
Georgia Bar No. 507007
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Ste. 340
Atlanta, Georgia 30030
(334) 315-0179
michael.tafelski@splcenter.org

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHERINE RINDERLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COBB COUNTY SCHOOL DISTRICT, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-00656-JPB |

**CERTIFICATE OF SERVICE**

I have on this date served counsel of record with a true and complete copy of Plaintiffs' Objection to Extraneous Evidence through the Court's electronic filing system.

Respectfully submitted this 7th day of October 2024.

/s/ Michael J. Tafelski
Michael J. Tafelski
Georgia Bar No. 507007
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Ste. 340
Atlanta, Georgia 30030
(334) 315-0179
michael.tafelski@splcenter.org
