IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
STATE OF GEORGIA

| | |
|---|---|
| KATHERINE RINDERLE, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>COBB COUNTY SCHOOL DISTRICT, *et al.*,<br><br>    Defendants. | Civil Action No. 1:24-cv-00656-JPB |

**DEFENDANTS' MOTION FOR LEAVE
TO RESPOND TO PLAINTIFFS' UNTIMELY OBJECTION TO
DEFENDANTS' JOINT MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW**

Defendants ask this Court for leave to respond to Plaintiffs' untimely "Objection to Extraneous Evidence," filed on October 7, 2024 [Doc. 57]. Though Plaintiffs characterize the filing as an "objection," it is really an impermissible, untimely surreply brief in opposition to Defendants' Joint Motion to Dismiss [Doc. 41] that Plaintiffs never received permission to file. For that reason alone, this Court may disregard the filing. But if the Court is inclined to consider Plaintiffs' untimely arguments in opposition to Defendants' Motion to Dismiss, the Court should let Defendants respond to those arguments. Not wishing to contribute to the "endless volley of briefs" that courts loathe, Defendants ask this Court for permission to do so first. *See Garrison v. Ne. Ga. Med. Ctr., Inc.*, 66 F. Supp.

2d 1336, 1340 (N.D. Ga. 1999), *aff'd sub nom. Garrison v. Ne. Georgia Med. Ctr.*, 211 F.3d 130 (11th Cir. 2000).

## I.   STATEMENT OF FACTS

On July 29, 2024, Defendants jointly moved to dismiss Plaintiffs' First Amended Complaint. [Docs. 41; 41-1.] In it, Defendants cited to a Pew Research opinion poll discussing the American people's divergent views on gender identity. [Doc. 41-1 at 12 n.1.]

Plaintiffs responded to that motion on August 19, 2024. [Doc. 42.] In their response, Plaintiffs did not object to the Court's consideration of any arguments Defendants presented in that motion. [*See generally id.*] Nor did they argue that Defendants had improperly relied on matters outside the pleadings. [*See generally id.*][1]

Defendants filed their reply brief in support of their motion on September 23, 2024. [Doc. 52.]

And the next day, with the motion fully briefed, this Court took up the motion for consideration. [*See* 9/24/24 Doc. Entry.]

On October 7, Plaintiffs filed their Objection to arguments Defendants made

---

[1] Instead, Plaintiffs asked the Court to consider an 800-page hearing transcript that they attached as an exhibit to their response brief, despite referencing the transcript nowhere in their pleadings. [Docs. 42 at 10 n.7; 42-1; *see generally* Doc. 26.]

in their principal brief in support of their motion. [Doc. 57 at 1.] In particular, Plaintiffs object to Defendants' citation to a Pew Research opinion poll in footnote 1 of Defendants' principal brief. [*Id.* at 2.] All of the arguments Plaintiffs object to are set forth in Defendants' principal brief.

## II. MEMORANDUM OF LAW

Plaintiffs' Objection [Doc. 57] is an untimely, improper surreply in disguise. If this Court considers the arguments in that surreply, this Court should allow Defendants an opportunity to fully respond.

**A.     Plaintiffs' Objection is an improper surreply in disguise.**

"Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies." *Fedrick v. Mercedez-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). "To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Garrison*, 66 F. Supp. 2d at 1340.

This Court's Standing Order prohibits surreplies without prior permission. [Doc. 21 at 30 (§ III.l.).] This Court seldom authorizes surreplies. *Samadi v. Guarantee Tr. Life Ins. Co.*, No. 1:23-CV-01202-JPB, 2024 WL 2885899, at *1 n.1 (N.D. Ga. June 7, 2024) (Boulee, J.). This Court typically accepts surreplies "only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule

implicating the motion under review." *Hagler v. Williams*, No. No. 1:19-cv-03015, 2021 WL 6123996, at *4 (N.D. Ga. Aug. 27, 2021) (Boulee, J.) (*quoting Henley v. Turner Broad. Sys., Inc.*, 267 F. Supp. 3d 1341, 1349 (N.D. Ga. 2017)). And a party may not evade these requirements simply by styling their surreply as something else, such as an "objection" to a prior motion. *See Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, No. 15-24198-CIV-LENARD/GOODMAN, 2018 WL 11227737, at *2 (S.D. Fla. June 4, 2018) ("[T]he notice is also improper" because "it is a disguised sur-reply that did not comply with" procedural requirements.).

Plaintiffs' "Objection to Extraneous Evidence" is an improper surreply masquerading as something else. Nothing prevented Plaintiffs from making these "objections" in their response brief to Defendants' Motion to Dismiss. [*See* Doc. 42.] And in their reply brief, Defendants did not advance new arguments that Plaintiffs have not had a fair opportunity to respond to. [*Compare* Doc. 52 *with* Doc. 57.] So by objecting to Defendants' arguments, Plaintiff are, in substance, filing a surreply brief.

This Court standing order required them to get the Court's permission before doing so. [Doc. 21 at 30 (§ III.l.).] Plaintiffs did not do so. They cannot evade those procedural requirements by styling their surreply as an "objection."

**B.    If the Court considers the arguments in Plaintiffs' Objection, it should allow Defendants to respond.**

Though Plaintiffs have filed an improper surreply, it is Defendants'

understanding that they should not contribute to the problem by filing a substantive response without leave to do so. *See Callahan v. Emory Healthcare, Inc.*, No. 1:21-CV-1367-WMR-JSA, 2023 WL 2334987, at *4 (N.D. Ga. Feb. 16, 2023), *aff'd,* No. 23-10604, 2024 WL 3027684 (11th Cir. June 17, 2024) ("[I]f the Court permitted the parties to file sur-replies *and responses to sur-replies* without limitation . . . the Court would be in the position of refereeing an endless volley of briefs." (emphasis added) (internal quotation marks omitted).). Defendants do not wish to contribute to an endless volley of briefs. *See id.* Thus, if this Court is inclined to consider the arguments in Plaintiffs' Objection, Defendants ask for permission to provide a substantive response to those arguments.

### III.  CONCLUSION

For all these reasons, the Court should either (i) disregard Plaintiffs' Objection [Doc. 57] in its entirety, or (ii) allow Defendants an opportunity to fully brief their response to the filing.

This 15th day of October, 2024.

*/s/ Brandon O. Moulard*
Brandon O. Moulard
Georgia Bar No. 940450
Bennett D. Bryan
Georgia Bar No. 157099
Jeffrey R. Daniel
Georgia Bar No. 949075
*Counsel for Defendants*

-6-

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street NE, Suite 1500
Atlanta, GA 30309
Telephone: 678.690.5750
Facsimile: 404.869.6972
brandonmoulard@parkerpoe.com
bennettbryan@parkerpoe.com
jeffdaniel@parkerpoe.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(C).

This 15th day of October, 2024.

                                           */s/ Brandon O. Moulard*
                                           Brandon O. Moulard
                                           Georgia Bar No. 940450
                                           Bennett D. Bryan
                                           Georgia Bar No. 157099
                                           Jeffrey R. Daniel
                                           Georgia Bar No. 949075
                                           *Counsel for Defendants*

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street NE, Suite 1500
Atlanta, GA 30309
Telephone: 678.690.5750
Facsimile: 404.869.6972
brandonmoulard@parkerpoe.com
bennettbryan@parkerpoe.com
jeffdaniel@parkerpoe.com

## CERTIFICATE OF SERVICE

I certify that I have this day I filed this DEFENDANTS' MOTION FOR LEAVE TO RESPOND TO PLAINTIFFS' UNTIMELY OBJECTION TO DEFENDANTS' JOINT MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW with the Clerk of Court using the CM/ECF electronic filing system, which will send an electronic copy to:

Alice O'Brien, Esq.
Danielle E. Davis, Esq.
Nicole B. Carroll, Esq.
NATIONAL EDUCATION ASSOCIATION
1201 16th Street, NW
Washington, DC 20036

Michael J. Tafelski, Esq.
Elizabeth Littrell, Esq.
Brock Boone, Esq.
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Avenue
Suite 340
Atlanta, GA 30030

Gerald Weber, Esq.
LAW OFFICES OF GERRY WEBER, LLC
P.O. Box 5391
Atlanta, GA 31107
Craig Goodmark, Esq.
GOODMARK LAW FIRM
1425A Dutch Valley Place
Atlanta, GA 30324

Harry Chiu, Esq.
4455 Union Street
Burnaby BC, Canada V5C 2X7

This 15th day of October, 2024.

/s/ Brandon O. Moulard
Brandon O. Moulard
Georgia Bar No. 940450
Bennett D. Bryan
Georgia Bar No. 157099
Jeffrey R. Daniel
Georgia Bar No. 949075
*Counsel for Defendants*

PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street NE, Suite 1500
Atlanta, GA 30309
Telephone: 678.690.5750
Facsimile: 404.869.6972
brandonmoulard@parkerpoe.com
bennettbryan@parkerpoe.com
jeffdaniel@parkerpoe.com