UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

K<span>ATHERINE</span> R<span>INDERLE</span>, et al.,

 *Plaintiffs*,

v.

C<span>OBB</span> C<span>OUNTY</span> S<span>CHOOL</span> D<span>ISTRICT</span>, et al.,

 *Defendants*.

C<span>IVIL</span> A<span>CTION</span> N<span>O</span>.

1:24-cv-00656-JPB

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSITION TO AMICI'S MOTION FOR LEAVE TO FILE BRIEF**

Plaintiffs file this brief in support of Amici's Motion for Leave to File an amicus brief [Doc. 51]. Usually, parties do not oppose the filing of amicus briefs, allowing the Court to discern their relevance and benefit from their perspectives. Not here. Defendants have opposed the filing of publishers and their supporters' amicus brief. [Doc. 55]. The amicus will benefit this Court by hearing the perspective of the legal issues from amicae organizations that support authors who tailor their works to different students' perspectives and understand the importance of acceptance of difference and collective inclusivity of all students. Amicae are also interested in the outcome because the one essential reason these authors create these works is to deter bullying and engender inclusivity in schools. However, as explained below,

1

Defendants' opposition to the amicus contains false and contradictory statements that warrant specific flagging for this Court. [*See* Doc. 55].

Like their Motion to Dismiss,[1] Defendants' opposition to amici states that *My Shadow is Purple* (*MSP*) is non-curricular. [Doc. 55, at 5]. However, in other parts of the brief, like in their Motion to Dismiss, Defendants inexplicably claim the <u>precise opposite</u>, that *MSP* is curricular.[2] [Doc. 55, at 2, 4, 6-7]. Specifically, here, Defendants initially unequivocally claim *My Shadow is Purple* was "never part of CCSD's curriculum" and then distort the facts by saying the text was "never in circulation at CCSD libraries." (misleading this Court by ignoring CCSD involvement and sponsorship of the CCSD bookfair where Rinderle purchased the book). [Doc. 55, at 2, 4].

However, read a few pages forward, and their brief turns to the opposite position, asserting that any decision to read or not read *MSP* is a "curricular choice" sheltered from First Amendment scrutiny. *Id.* at 7. They double-down on their inconsistent argument when Defendants claim the book, and apparently, all materials

---

[1] In their motion to dismiss briefing sometimes Defendants argue that *MSP* is curricular. [Doc. 41-1, at 1, 3-4, 22-25, 28-29, 33]. Other times Defendants argue that *MSP* is noncurricular. [Doc. 41-1, at 6, 19, 22].

[2] Plaintiffs pause to note that Defendants' tone throughout this briefing has no place in this litigation. Setting aside Defendants' unnecessary swipes at the legitimate positions taken by Plaintiffs (including arguments accepted by CCSD's own tribunal), Defendants' attack on *amici's* arguments as "bonkers" is beneath the dignity of this proceeding. Respected and talented professionals should not have to endure "name-calling" in order to present their positions to this Court.

ever printed or stated in class and on school grounds, are protected government speech. *Id.* This is not the law. *See PEN Am. Ctr., Inc. v. Escambia Cty. Sch. Bd.*, 2024 WL 133213, at *2 (N.D. Fla. 2024). Defendants make this Court's job harder by making contradictory assertions about a critical factual question: Is *MSP* curricular or not?

To add insult to injury, Defendants falsely describe their own key policy that informs the answer to this question. CCSD misstates that its supplemental materials policy is mandatory—stating that "CCSD has not banned all controversial books; it just **requires** teachers to obtain permission before introducing them to young children and allow parents to opt[-]out." [Doc. 55, at 5, 7] (emphasis added) ("when picking instructional content, [CCSD] occupies the entire field"). Yet, Policy IFAA-R is *not* mandatory, and teachers have specific discretionary roles. The policy does not "require" parental permission. Instead, it explicitly provides that the educator "may" provide a "parent opt-out" based upon "his/her opinion" of whether or not the "content" is "sensitive." The policy *IFAA, Instructional Resources Selection and Acquisition*, Section II(C)(2) states:

> The Teacher, Principal or designee of a school **may** require written permission (Form IFAA-1 [Parent/Guardian Permission Form for Supplementary Materials]) of parents/guardians prior to the reading/viewing of supplementary materials **if in his/her opinion** the content may be of a sensitive nature within the school's community or the age group served by the school.

3

[Doc. 26, Exhibit 2] (emphasis added). The language is both permissive and based upon the teacher's "opinion" of its "sensitive nature." Here, Rinderle discovered the book at the school bookfair, reviewed it thoroughly and thoughtfully, and determined that it was not "sensitive" in her "opinion," then, her students chose that text among several possible texts she proposed. [Doc. 26, at 13, 15-16].

Defendants' false and misleading statements about critical legal and factual matters undercut their already weak opposition to an amicus brief that informs this Court on the legal issues presented from the perspective of organizations and corporations dedicated to books. The motion to file an amicus brief should be granted.

Respectfully submitted this 16th day of October 2024.

| | |
|---|---|
| /s/ Craig Goodmark | /s/ Michael J. Tafelski. |
| Craig Goodmark | Michael J. Tafelski |
| Georgia Bar No. 301428 | Georgia Bar No. 507007 |
| GOODMARK LAW FIRM | Elizabeth "Beth" Littrell |
| 1425A Dutch Valley Place | Georgia Bar No. 454949 |
| Atlanta, Georgia 30324 | Brock Boone* |
| (404) 719-4848 | Huey Fischer Garcia* |
| cgoodmark@gmail.com | Pichaya Poy Winichakul |
| | GA Bar No. 246858 |
| /s/ Gerald Weber | SOUTHERN POVERTY LAW CENTER |
| Gerald Weber | 150 E. Ponce de Leon Ave., |
| Georgia Bar No. 744878 | Ste. 340 |
| LAW OFFICES OF GERRY WEBER, LLC | Atlanta, Georgia 30030 |
| Post Office Box 5391 | (334) 315-0179 |
| Atlanta, Georgia 31107 | michael.tafelski@splcenter.org |
| (404) 522-0507 | beth.littrell@splcenter.org |

wgerryweber@gmail.com

/s/ Danielle E. Davis
Danielle E. Davis*
Alice O'Brien*
Nicole B. Carroll*
NATIONAL EDUCATION ASSOCIATION
1201 16th Street, N.W.
Washington, DC 20036-3290
(202) 822-7035
DDavis@nea.org
AObrien@nea.org
NCarroll@nea.org

Attorneys for Educator Plaintiffs
* *Admitted pro hac vice*

brock.boone@splcenter.org
huey.fischergarcia@splcenter.org
poy.winichakul@splcenter.org

/s/ Harry Chiu
Harry Chiu*
4455 Union Street
Burnaby BC, Canada V5C 2X7
hchiu@jd22.law.harvard.edu

Attorneys for All Plaintiffs
* *Admitted pro hac vice*

5

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KATHERINE RINDERLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COBB COUNTY SCHOOL DISTRICT, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-00656-JPB |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1, I hereby certify that Plaintiffs' Response to Defendants' Opposition to Amici's Motion for Leave to File Brief has been prepared in 14-point Times New Roman font and is compliant with the formatting requirements of LR 5.1.

Respectfully submitted this 16th day of October 2024.

/s/ Michael J. Tafelski
Michael J. Tafelski
Georgia Bar No. 507007
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Ste. 340
Atlanta, Georgia 30030
(334) 315-0179
michael.tafelski@splcenter.org

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KATHERINE RINDERLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COBB COUNTY SCHOOL DISTRICT, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-00656-JPB |

## CERTIFICATE OF SERVICE

I have on this date served counsel of record with a true and complete copy of Plaintiffs' Response to Defendants' Objection to Amici's Motion for Leave to File Brief through the Court's electronic filing system.

Respectfully submitted this 16th day of October 2024.

/s/ Michael J. Tafelski
Michael J. Tafelski
Georgia Bar No. 507007
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Ste. 340
Atlanta, Georgia 30030
(334) 315-0179
michael.tafelski@splcenter.org